IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MURRAY HALL, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 22-956-GBW |
| | ) |
| RODNEY HUDSON, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 20th day of September, 2023, having considered Plaintiff's motion for a temporary restraining order (D.I. 10), and Defendant's motion to dismiss (D.I. 15);

**Motion for a temporary restraining order.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65

1

must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. In his motion for a temporary restraining order, Plaintiff asserts that he is "victimized every time [Defendant] Rodney Hudson is allowed to work around [him]," he does not feel safe, Defendant engages him in personal conversations despite his objections, and Defendant taunts him. (D.I. 10).

Plaintiff's motion will be denied for two reasons. First, he has failed to adequately allege irreparable injury. Second, a party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("[T]o obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint."); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying

wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

**Motion to dismiss.** Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). On November 18, 2022, the Court screened the Complaint, identified what appeared to be a cognizable and non-frivolous claim within the meaning of 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) against Defendant Rodney Hudson, and entered a service order. (D.I. 9).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion.

Now therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order (D.I. 10) is **DENIED**.

2. Defendant's motion to dismiss (D.I. 15) is **DENIED**.

3. Defendant shall file an answer within twenty-one (21) days of the date of this Memorandum Order.

_____
United States District Judge